IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HENZE, on behalf of herself and all others similarly situated, ) ) ) | Civil Action No. 09- |
| Plaintiff, ) ) | CLASS ACTION COMPLAINT |
| v. ) ) | JURY TRIAL DEMANDED |
| NIELSEN MEDIA RESEARCH, INC. ) ) | |
| Defendant. ) | Electronically Filed |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an individual and class action under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), to recover damages for non-payment of overtime wages to Plaintiff and all others similarly situated.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the FLSA.

3. The actions and policies alleged to be unlawful were committed in and around Pittsburgh, PA, where Plaintiff lives and works and where Defendant is located and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper.

### PARTIES

4. Plaintiff Mary Henze (hereinafter referred to as "Plaintiff" or "Henze") has resided at all

relevant times at 5116 Oak Road, Jefferson Hills, PA 15025. Plaintiff was employed by Defendant The Nielsen Company from on or about January 7, 2008, until on or about February 23, 2009, when she was terminated.

5. Defendant Nielsen Media Research, Inc. (hereinafter referred to as "Defendant" or "Nielsen") (a subsidiary of its parent company, The Nielsen Company) is a corporation with its headquarters at 770 Broadway, New York, NY, and conducts business throughout the United States.

6. Defendant is an enterprise within the meaning of the FLSA.

7. Defendant has annual gross revenues in excess of $500,000.00.

8. Defendant is an employer within the meaning of the FLSA.

9. Defendant is subject to the FLSA.

## BACKGROUND AND STATEMENT OF CLAIMS

10. Plaintiff Henze worked for Defendant from on or about November 12, 2007, until on or about March 12, 2009, when she was terminated.

11. Plaintiff was a Membership Representative.

12. Plaintiff worked from home and reported to Defendant's Pittsburgh office until October 2008, when the office was closed, and then the Philadelphia office until she was terminated.

13. Her primary duty was to convince consumers to agree to have certain equipment placed in their homes by Nielsen to monitor their television use.

14. In exchange for agreeing to do so the consumers receive payments from Nielsen.

15. Defendant measures the size and demographics of audiences for television, radio and print media, as well as the advertising and creative content information industry.

16. Plaintiff was paid at an hourly rate of $14.00.

17. There are approximately 400 Membership Representatives throughout the U.S. who perform the same or similar duties and functions as Plaintiff since June 2006.

18. There are approximately 25 membership Representatives who live in the Pittsburgh area and report to the Philadelphia office.

19. Prior to October 2008 there was a Pittsburgh office, but this was closed and the Pittsburgh area Membership Representatives began reporting to the Philadelphia office.

20. Plaintiff normally worked between 50 and 60 hours each week.

21. The other Membership Representatives in the Pittsburgh area also worked in excess of 40 hours in many workweeks.

22. The other Membership Representatives reporting to other offices (e.g., Washington, D.C.,

Boston, MA, Chicago, IL, New York, NY, Atlanta, GA) also worked in excess of 40 hours in many workweeks.

23. Notwithstanding the fact Plaintiff was paid an hourly rate and worked overtime Plaintiff was not paid for all of the hours worked in excess of 40 hours in a workweek, either at straight rate or time-and-one-half.

24. Notwithstanding the fact the other Membership Representatives are paid an hourly rate and work overtime they have not been paid for all of the hours worked in excess of 40 hours in a workweek, either at straight rate or time-and-one-half.

25. The failure to pay Plaintiff, and the other Membership Representatives, for all of their overtime hours at time-and-one-half the regular rate of pay was a function of three policies:

(a) a requirement that the Membership Representatives meet their quota of a certain number of households signed up per week (initially 1.6 households per week changed to 2.3 households per week in or about July 2008) before any overtime would be paid;

(b) a requirement that the Membership Representatives submit a request for overtime before any overtime would be paid and prohibiting the submission of any such request until after the Membership Representative had worked at least 35 hours in a week; and,

(c) a limit on the number of overtime hours that would be approved or paid to 8 hours per week (prior to November 2008) / 4 hours per week (after November 2008) regardless of how many hours were actually worked.

26. These policies were in writing.

27. These policies were applied to each of the Membership Representatives in each of the offices.

28. Defendant was aware that these policies, individually and collectively, violated the FLSA.

29. For example, in or about August 2008 one of the Membership Representatives in the Pittsburgh office complained repeatedly to Defendant about the policies regarding overtime and about the failure to pay overtime for hours worked.

30. In or about September 2008, a senior manager flew to the Pittsburgh office from Florida headquarters, met with the Membership Representatives in the Pittsburgh office and apologized for not paying overtime to the Membership Representatives.

31. Checks were then tendered to the Membership Representatives for a small fraction of the overtime pay owed prior to September 2008.

32. Management specifically stated, however, it would not pay liquidated damages.

33. Moreover, the amount paid in overtime was substantially less than the amount actually owed either to Plaintiff or the other Membership Representatives in the Pittsburgh office.

34. No payments were made to the other Membership Representatives in the other offices for the failure to pay overtime.

35. Notwithstanding the admission by Defendant that it had failed to pay the overtime due Defendant has continued to enforce the policies described above (no overtime unless quota met, no overtime unless requested and pre-approved after 35 hours of work in a week, maximum 8 hours / 4 hours overtime approved and paid per week).

36. Notwithstanding the admission by Defendant in September 2008 that it had failed to pay overtime due Defendant continues to deny the Membership Representatives overtime due since September 2008.

37. Plaintiff and the other membership Representatives in the Pittsburgh area were told by the manager in the Pittsburgh office (the office was closed in October 2008) that they were not permitted to record all of their hours worked (either on their Blackberry PDAs or company computer.

38. As a result of this instruction, and as a result of the policies described in ¶25, above, Plaintiff and the other Membership Representatives, both in Pittsburgh and the other offices, did not record many of their overtime hours.

39. Management knew Plaintiff and the other Membership Representatives were not recording all of their overtime hours.

40. Management knew it had the exclusive duty to maintain accurate time records.

41. The failure by Defendant to maintain accurate time records is a violation of the FLSA.

42. The failure by Defendant to maintain accurate time records is a cause, among others, of

the failure to pay overtime due.

## CLASS ACTION ALLEGATIONS

43.  Plaintiff hereby incorporates Paragraphs 1 through 42 of her Complaint as though the same were more fully set forth at length herein.

44.  There is a class of similarly situated employees who carry the title of Membership Representatives who are paid on an hourly basis and work in excess of 40 hours in many workweeks but who have been subjected to policies that result in not being paid for all overtime hours at time-and-one-half the regular rate of pay since June 2006.

45.  The class of similarly situated Membership Representatives are entitled to payment of overtime since June 2006 at time-and-one-half their regular hourly rate of pay for hours worked in excess of 40 in workweeks.

46.  Defendant's violations have been knowing and willful.

47.  Prosecuting this case as a class action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class members.

48.  There are in excess of 250 class members, and prosecuting cases individually would be duplicative and would detract from judicial efficiency.

49.  There are no conflicts of interest among the class members.

50. Counsel for the Representative Plaintiff, Joseph Chivers and John Linkosky, are experienced in the field of wage and hour law, and class actions, and will fairly and competently represent the interests of the class members.

### COUNT I: FAIR LABOR STANDARDS ACT (FLSA) - OVERTIME
### (INDIVIDUAL AND CLASS)

51. Plaintiff hereby incorporates Paragraphs 1 through 50 of her Complaint as though the same were more fully set forth at length herein.

52. Plaintiff, and all other similarly situated Membership Representatives, are employees of Defendant within the meaning of the FLSA.

53. Plaintiff, and all other similarly situated Membership Representatives, are non-exempt.

54. Plaintiff, and all other similarly situated Membership Representatives, are entitled to overtime at a rate of time-and-one-half their regular rate of pay for hours worked in excess of 40 hours in workweeks since June 2006.

55. Defendant has failed to pay overtime to Plaintiff, and all other similarly situated Membership Representatives, at a rate of time-and-one-half the regular rate of pay for hours worked in excess of 40 hours in workweeks since June 2006.

56. Defendant's failure to pay overtime has been knowing and willful.

57. Defendant's failure to pay is a result of one or more policies common to all Membership Representatives at Defendant's offices.

58. Defendant's failure to pay overtime is a violation of the FLSA.

**PRAYER FOR RELIEF**

59. WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Order Defendant to make Plaintiff, and all others similarly situated, whole by paying overtime wages due;

   B. Order Defendant to pay interest, liquidated damages and applicable penalties on wages owed;

   C. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff; and,

   D. Grant such further relief as the Court deems necessary and proper, including an order that Defendant bring its policies and practices into compliance with the FLSA.

Respectfully submitted,

s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222-1514
jchivers@employmentrightsgroup.com
(412) 227-0763 / (412) 281-8481 FAX

s/John R. Linkosky
John R. Linkosky, Esquire
PA ID No. 66011
715 Washington Avenue
Carnegie, PA 15106-4107
linklaw@comcast.net
(412) 278-1280 / (412) 278-1282 FAX

Counsel for Plaintiff and Class

Dated: June 19, 2009