IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HENZE, on behalf of herself and all others similarly situated | : : |
| Plaintiff, | : |
| vs. | : Civil Action No. 09-0789 |
| NIELSEN MEDIA RESEARCH, INC. | : |
| Defendant. | : : |

## ANSWER TO INDIVIUAL AND CLASS ACTION COMPLAINT

AND NOW comes the Defendant, Nielsen Media Research, Inc. ("Nielsen"), by its attorneys, who files its Answer to Individual and Class Action Complaint ("Complaint"), averring as follows:

## FIRST DEFENSE

1. Nielsen admits that Plaintiff purports to bring this action for non-payment of overtime wages in paragraph one of the Complaint, but Nielsen denies that Plaintiff is entitled to any relief. Nielsen denies the remaining averments of paragraph one of the Complaint.

2. The averments set forth in paragraph two of the Complaint are admitted.

3. The averments set forth in paragraph three of the Complaint are admitted.

4. Nielsen admits the averments set forth in the first sentence of paragraph four of the Complaint. The remaining averments set forth in paragraph four of the Complaint are denied.

5. The averments set forth in paragraph five of the Complaint are admitted in part and denied in part. Nielsen denies that its corporate name is Nielsen Media Research, Inc., and that it is a subsidiary of The Nielsen Company. To the contrary, Nielsen avers that its proper

corporate name is The Nielsen Company (US), LLC, and that its parent company is A.C. Nielsen Company, LLC.  Nielsen admits the remaining averments of paragraph 5 of the Complaint.

6. The averments set forth in paragraph six of the Complaint are admitted.

7. The averments set forth in paragraph seven of the Complaint are admitted.

8. The averments set forth in paragraph eight of the Complaint are admitted.

9. The averments set forth in paragraph nine of the Complaint are admitted.

10. The averments set forth in paragraph ten of the Complaint are denied.

11. The averments set forth in paragraph eleven of the Complaint are denied to the extent that it is averred that Plaintiff is no longer employed by Nielsen as a Membership Representative. Nielsen admits the remaining averments of paragraph eleven of the Complaint.

12. The averments set forth in paragraph twelve of the Complaint are denied.

13. The averments set forth in paragraph thirteen of the Complaint are denied to the extent that it is averred that Plaintiff is no longer employed by Nielsen.  Nielsen admits the remaining averments of paragraph thirteen of the Complaint.

14. The averments set forth in paragraph fourteen of the Complaint are denied.

15. The averments set forth in paragraph fifteen of the Complaint are admitted.

16. The averments set forth in paragraph sixteen of the Complaint are denied.

17. The averments set forth in paragraph seventeen of the Complaint are denied.

18. The averments set forth in paragraph eighteen of the Complaint are denied.

19. The averments set forth in paragraph nineteen of the Complaint are denied.

20. The averments set forth in paragraph twenty of the Complaint are denied.

21. The averments set forth in paragraph twenty-one of the Complaint are denied.

22. The averments set forth in paragraph twenty-two of the Complaint are denied.

23. The averments set forth in paragraph twenty-three of the Complaint are denied.

24. The averments set forth in paragraph twenty-four of the Complaint are denied.

25. The averments set forth in paragraph twenty-five of the Complaint are denied.

26. The averments set forth in paragraph twenty-six of the Complaint are denied.

27. The averments set forth in paragraph twenty-seven of the Complaint are denied.

28. The averments set forth in paragraph twenty-eight of the Complaint are denied.

29. The averments set forth in paragraph twenty-nine of the Complaint are denied.

30. The averments set forth in paragraph thirty of the Complaint are denied.

31. The averments set forth in paragraph thirty-one of the Complaint are denied.

32. The averments set forth in paragraph thirty-two of the Complaint are denied.

33. The averments set forth in paragraph thirty-three of the Complaint are denied.

34. The averments set forth in paragraph thirty-four of the Complaint are admitted in part and denied in part. Nielsen admits that no payments were made to other Membership Representatives in other offices for the failure to pay overtime. Nielsen denies the averments set forth in paragraph thirty-four of the Complaint to the extent that it is averred payments were owed to such Membership Representatives because of a failure to pay overtime.

35. The averments set forth in paragraph thirty-five of the Complaint are denied.

36. The averments set forth in paragraph thirty-six of the Complaint are denied.

37. The averments set forth in paragraph thirty-seven of the Complaint are denied.

38. The averments set forth in paragraph thirty-eight of the Complaint are denied.

39. The averments set forth in paragraph thirty-nine of the Complaint are denied.

40. The averments set forth in paragraph forty of the Complaint are admitted to the extent that Nielsen admits it has a recordkeeping obligation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. Nielsen denies the remaining averments of paragraph forty of the Complaint.

41. The averments set forth in paragraph forty-one of the Complaint are denied.

42. The averments set forth in paragraph forty-two of the Complaint are denied.

43. Paragraph forty-three of the Complaint is a paragraph of incorporation, and Nielsen restates its answers to the previous paragraphs as if fully set forth herein.

44. The averments set forth in paragraph forty-four of the Complaint are denied.

45. The averments set forth in paragraph forty-five of the Complaint are denied.

46. The averments set forth in paragraph forty-six of the Complaint are denied.

47. The averments set forth in paragraph forty-seven of the Complaint are denied.

48. The averments set forth in paragraph forty-eight of the Complaint are denied.

49. The averments set forth in paragraph forty-nine of the Complaint are denied.

50. Nielsen is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in paragraph fifty of the Complaint.

51. Paragraph fifty-one of the Complaint is a paragraph of incorporation, and Nielsen restates its answers to the previous paragraphs as if fully set forth herein.

52. The averments set forth in paragraph fifty-two of the Complaint are admitted in part and denied in part. Nielsen admits that Plaintiff and all other similarly situated Membership Representatives are employees of Nielsen within the meaning of the FLSA. Nielsen denies that Plaintiff and all other similarly situated Membership Representatives are entitled to any relief under the FLSA.

53. The averments set forth in paragraph fifty-three of the Complaint are admitted in part and denied in part. Nielsen admits that Plaintiff and all other similarly situated Membership Representatives are non-exempt. Nielsen denies that Plaintiff and all other similarly situated Membership Representatives are entitled to any relief under the FLSA.

54. The averments set forth in paragraph fifty-four of the Complaint are denied.

55. The averments set forth in paragraph fifty-five of the Complaint are denied.

56. The averments set forth in paragraph fifty-six of the Complaint are denied.

57. The averments set forth in paragraph fifty-seven of the Complaint are denied.

58. The averments set forth in paragraph fifty-eight of the Complaint are denied.

59. The averments set forth in paragraph fifty-nine of the Complaint are denied.

## SECOND DEFENSE

Nielsen acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and any potential class members.

## THIRD DEFENSE

Plaintiff's claims and those of any potential class members are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claims and those of any potential class members are barred, in whole or in part, by statutory exclusions, exceptions or credits under the FLSA.

## FIFTH DEFENSE

Plaintiff's claims and those of any potential class members are barred by the doctrine of estoppel to the extent that they claim hours worked that they had the opportunity to report but failed to do so.

Respectfully submitted,

JACKSON LEWIS LLP

By: /s/ *James A. Prozzi*
    James A. Prozzi
    PA ID #26467
    prozzij@jacksonlewis.com
    Mark Goldner
    PA ID #75938
    goldnerm@jacksonlewis.com
    One PPG Place, 28th Floor
    Pittsburgh, PA  15222-5414
    Telephone:  (412) 232-0404
    Facsimile:  (412) 232-3441

Dated: September 29, 2009

**CERTIFICATE OF SERVICE**

James A. Prozzi, an attorney, certifies that he caused a true and correct copy of the foregoing Answer to Individual and Class Action Complaint to be served upon:

> Joseph H. Chivers, Esq.
> 100 First Avenue
> First & Market Building
> Suite 1010
> Pittsburgh, PA  15222-1514

via the Court's ECF system on this 29th day of September, 2009.

                                            /s/ James A. Prozzi
                                            James A. Prozzi